UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) <br> GUARDIANSHIP OF WILLIAM LOUIS ) <br> EVANS, JR., an incapacitated adult person, ) <br> Guardianship No. 49D08-1008-GU-036442, ) <br> DOROTHY J. EVANS, AND CAROLYN ) <br> S. STUMP, GUARDIAN, ) <br> ) <br>       **Plaintiffs,** ) <br> ) <br>   vs. ) <br> ) <br> GREENFIELD BANKING COMPANY ) <br> and JOANA SPRINGMIER, ) <br> ) <br>       **Defendants.** ) | Cause No. 1:12-cv-132-WTL-DML |

## ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiffs' motion to remand (dkt. no. 10). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.[1]

The Plaintiffs filed this suit in Marion Superior Court, Probate Division, on October 1, 2011, asserting state-law claims against the Defendants for breach of common law and statutory fiduciary duties relating to their actions as a "federal fiduciary" with regard to veterans benefits payable to William Louis Evans, Jr. Service of process was effected in the state court action on October 20, 2011. On January 27, 2012, the Defendants removed the case to this court.

The Court will assume, without deciding, that this case would have been properly removed on the grounds asserted by the Defendants if the notice of removal had been timely

---

[1] The Plaintiffs have filed a motion to designate additional evidence in support of the instant motion (dkt. no. 21). That motion is **denied as moot**, in light of the fact that the motion to remand is appropriately granted based upon the parties' original filings.

filed.  Given this assumption, the issue before the Court is whether the Defendants timely removed this case.

A case generally must be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  The notice of removal in this case was filed well after this 30-day deadline.  However, the Defendants allege that removal was nonetheless timely pursuant to 28 U.S.C. § 1446(b)(3), which provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Defendants assert that they did not ascertain that this case was removable until they had a conversation with the Indianapolis Regional Counsel for the Department of Veteran Affairs on January 23, 2012, during which they learned of a petition the Plaintiffs had filed with the United States Court of Appeals for Veterans Claims ("the Petition").  Like this case, the Petition relates to the appointment of Defendant Greenfield Banking Company as a federal fiduciary with regard to Mr. Evans's veterans benefits, and many of the same claims are asserted in both the Petition and in this case.  The Defendants argue that they had thirty days from the date of that conversation–the date they learned about the Petition– to file their notice of removal.

The problem with the Defendants' argument is that it ignores the plain language of the statute on which they rely.  Section 1446(b)(3) applies to cases in which "the case stated by the initial pleading is not removable."  The Defendants do not allege that this case was not removable when it was filed; in fact, in their notice of removal they allege that removal is appropriate because "at all relevant times in the Complaint, Defendants, in their role as federal

2

fiduciary for Mr. Evans, acted under color of federal law and received this appointment pursuant to the authority of the Secretary of Veterans Affairs." These facts both existed and were known by the Defendants at the time they received service of the complaint. Indeed, the complaint leaves no room for doubt that this case involves actions taken by the Defendants as a "federal fiduciary" appointed by the Veterans Administration. It is that fact, not the existence of the Petition, on which the Defendants allege (and the Court assumes) that federal jurisdiction lies.

However, even if it were the existence of the Petition or some ruling with regard to it that formed the basis of federal jurisdiction in this case, the fact that the Defendants first learned of the Petition in their January 2012 conversation would not make removal timely. By its plain language, § 1446(b)(3) applies when a defendant receives notice of an "amended pleading, motion, order or other paper" from which removability can first be ascertained. In *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533 (7th Cir. 2008), the court held that the language of § 1446(b) "refers, as most cases hold . . ., to pleadings, etc., filed in the suit sought to be removed, not in some other suit ('amended' is a clue)."

> If the State of Wisconsin filed a paper in its state court suit that revealed for the first time that the suit was removable-maybe it decided to add a federal claim to its state law claims-then removable it would be, though more than 30 days had passed since the suit was filed. Otherwise a plaintiff could defeat removal by holding its federal claim in reserve when it filed its original suit and springing it on the defendant when the 30-day deadline for removing the case had expired. To allow a filing in another suit to restart the 30-day time limit would have a similar effect of belatedness by allowing removal years after a suit had been proceeding in a state court, because of the filing of another suit in another court. And that effect would not be justified by the need to thwart a strategic move-a plaintiff's concealing his federal claim until the 30-day deadline for removal had expired.

*Id.* at 534. Therefore even if it were the existence of the Petition or some ruling relating to the Petition that made federal jurisdiction over this case appropriate, the fact that the Defendants did not learn of the Petition until January 2012 would not have extended the 30-day deadline for

3

removal.

## CONCLUSION

Because the Defendants' notice of removal was not timely filed, the motion to remand is **GRANTED** and this case is **HEREBY REMANDED** to the Marion County Superior Court, Probate Division.  **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Marion County Superior Court.**  The Court finds that there was no objectively reasonable basis for the Defendants' position that removal was timely; accordingly, the Plaintiffs are entitled to an award of "just costs and any actual expenses, including attorney fees, incurred as a result of removal" pursuant to 28 U.S.C. § 1447(c).  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").  If counsel are unable to agree on the amount of fees to which the Plaintiffs are entitled, the Plaintiffs shall file a motion for fees and accompanying affidavit **within 28 days of the date of this Entry**.

SO ORDERED:   04/13/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification